## Commonwealth v. Segal

C.P. of Chester County, no. 4010-93.

*Cynthia Wilson,* for Commonwealth.
*James R. Freeman,* for defendant.

WOOD, *J.,* March 9, 1995—This matter is before me on the defendant's motion to dismiss criminal charges pursuant to Pa.R.C.P. 1100. A hearing on October 13, 1994 revealed the following facts:

On April 14, 1993, County Detective James Vito filed a criminal complaint against the defendant charging insurance fraud, and District Justice Scott issued a warrant. Detective Vito made an unsuccessful attempt at that time to serve the warrant. On June 21, 1993 he again attempted to locate the defendant but was unsuccessful because he misinterpreted directions to the defendant's residence. On July 19, 1993, Detective Vito called the defendant's residence and left a message.

The defendant's brother returned Detective Vito's call and explained that his brother was in Virginia recovering from a serious surgery. Detective Vito asked the defendant's brother to have the defendant call him about a "serious matter." On July 20, 1993, the defendant called Detective Vito and told him that he was recovering from surgery and would not be able to travel before August 15, 1993. The defendant promised to call Detective Vito as soon as he returned so that they could meet. On July 29, 1993, Detective Vito called the defendant's residence and left another message with the defendant's brother. On August 4, 1993, the defendant wrote Detective Vito to follow up on their phone conversation. Based on this letter, Detective Vito decided to wait for the defendant's return. On October 19, 1993, Detective Vito had a fugitive warrant issued for the defendant. On November 11, 1993, Detective Vito asked the Phoenixville Constable's office to check the area for the defendant. On February 22, 1994, Detective Vito located the defendant's residence and learned that he had moved. The following day he contacted the defendant's landlord and discovered that the defendant left a forwarding address. On April 7, 1994, police arrested the defendant.

Rule 1100 provides that "[t]rial in a court case in which a written complaint is filed against the defendant, where the defendant is at liberty on bail, shall commence no later than 365 days from the date on which the complaint was filed:" Pa.R.C.P. 1100(a)(3). The Rule further provides that

"(c) [i]n determining the period for commencement of this rule, there shall be excluded therefrom

"(1) the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his or her

whereabouts were unknown and could not be determined by due diligence;

"(2) any period of time for which the defendant expressly waives Rule 1100;

"(3) such period of delay at any stage of the proceedings which results from:

"(i) the unavailability of the defendant or the defendant's attorney;

"(ii) any continuance granted at the request of the defendant or the defendant's attorney." Pa.R.C.P. 1100(c).

In this case, 358 days elapsed between the filing of the complaint and the arrest, and another 189 between that date and the date of the hearing. Under Pa.R.C.P. 1100(c)(1), June 21, 1993 and July 19, 1993 are not to be included in the calculation because the police used due diligence to locate the defendant on these days. However, the days in between these dates are included under Rule 1100 because the Commonwealth offered no reason for the inactivity. See *Commonwealth v. Kubin,* 432 Pa. Super. 144, 151, 637 A.2d 1025, 1028 (1994) (Commonwealth held accountable for unexplained delays). See also, *Commonwealth v. Ingram,* 404 Pa. Super. 560, 567, 591 A.2d 734, 737 (1991) (period of 196 days in between the filing of the complaint and arrest excluded from Rule 1100 analysis where the police made daily efforts to locate the defendant). The period between July 20, 1993 and August 15, 1993 are excluded because the defendant was recovering from surgery in Virginia. However, police should have attempted to locate or at least contact the defendant between August 15, 1993 (the date of the defendant's supposed return) and October 19, 1993 (the date the defendant was declared a fugitive); therefore this

period is included for the purposes of Rule 1100. November 9, 1993 and February 22-23, 1994 are excluded because the police made efforts to apprehend the defendant on these dates. Therefore, 327 of the 358 days pre-arrest should be counted against the Commonwealth, under Rule 1100.

As noted, 189 days elapsed between April 7, 1994 and October 13, 1994. The defendant concedes that the period between May 19, 1994 (the date the defendant waived his preliminary hearing to be considered for ARD) and July 25, 1994 (the date the defendant was rejected for ARD) should not be used in calculating days elapsed under Rule 1100. At the September 28, 1994 call of the criminal list I continued this matter until October 11, 1994, at the defendant's request. Therefore this period is properly excluded under Rule 1100.

The Commonwealth argues that the period between July 26, 1994 and September 8, 1994 (the date of the defendant's preliminary hearing) should be excluded under Rule 1100 because any delay between the filing of a pre-trial motion and its resolution must be attributed to the defendant. Even assuming that this period should be excluded, the charges against the defendant must be dismissed. Of the 189 days that have passed since the defendant's arrest, 44 days (excluding the contested period above) have elapsed for the purposes of Rule 1100. Adding the 44 days to the 327 days from the period between filing the complaint and arrest yields 371 days. Therefore, I must enter the following

## ORDER

And now, March 9, 1995, the criminal charges in the above matter are hereby dismissed.