J-S20009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JERRY PRATT | : | |
| | : | |
| Appellant | : | No. 639 WDA 2015 |

Appeal from the Order March 18, 2015
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0003073-2013

BEFORE:  PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED MAY 05, 2016**

Appellant, Jerry Pratt, appeals from his judgment of sentence entered by the Court of Common Pleas of Washington County, following his convictions for theft by deception and access device fraud. In this appeal, we consider whether the Commonwealth violated Pratt's Rule 600 rights. We affirm.

The trial court summarized the relevant factual and procedural history as follows.

> [A] criminal complaint was filed against the Defendant on May 15, 2013. A preliminary hearing was scheduled before the Magisterial District Justice, James Ellis, for June 4, 2013. That hearing was continued by the Commonwealth. The next hearing date was to be on September 10, 2013[,] but, according to the electronic docket, it was continued at the Defendant's request.

---

[*] Retired Senior Judge assigned to the Superior Court.

The next hearing was scheduled for November 19, 2013, which was also continued at the Defendant's request according to the electronic docket. The record also contains a letter signed by the Defendant requesting a continuance of the November 19, 2013 hearing. Therefore, it was rescheduled to December 17, 2013. On December 17, 2013, the Defendant had his preliminary hearing before Magisterial District Justice, James Ellis. The Defendant appeared by video from the Allegheny County Jail (ACJ) and decided to waive his case to court.

When the Defendant decided to waive his case to court, he had been incarcerated at the ACJ since July 17, 2013. Allegheny County authorities had charged him with identity theft and theft of services for crimes committed in that County. A non-jury trial was scheduled for January 15, 2014 on the Allegheny County charges, but the Defendant pled guilty. A sentencing hearing took place before Judge Edward Borkowski on January 23, 2014, at which time he was sentenced. The sentence was for nine to eighteen months, plus an additional two years of probation. The Defendant was given 191 days of credit toward his minimum sentence of nine months.

After the Defendant's sentencing by Judge Borkowski, he was transported to a federal prison named FCI Cumberland, which is in Ohio. This was due to federal probation violations. There was, however, no record from the Commonwealth or the Federal government about the date the Defendant was released to FCI Cumberland. The Defendant testified that he was released from the ACJ to Cumberland on February 26, 2014. That being said, the Court will use February 26, 2014 as the date the Defendant was transferred to FCI Cumberland.

Chief Detective James McElhaney (detective) testified that he learned from Assistant District Attorney, Jerome Moschetta, on July 30, 2014 that the Defendant was at a federal corrections institution in Cumberland. The detective testified that Denise Buterbaugh of FCI Cumberland responded to his inquiry on August 1, 2014, and informed him that the Defendant was housed at said facility but was scheduled to be released from their custody to ACJ on September 26, 2014. To ensure the Defendant's appearance in Washington County, a detainer was lodged against the Defendant and a copy was faxed to FCI Cumberland. Nevertheless, the FCI Cumberland officials informed the detective that the Defendant would not be released

to anyone but Allegheny County; obviously, the Defendant's minimum sentence of nine months was not yet completed on the identify theft and theft of services charges.

The detective contacted the ACJ on September 29, 2014 about the Defendant being in their custody. Their response was that he was not in their custody. He called the ACJ on September 30 as well, but was again told he was not in their care. Further, the detective testified that the Allegheny County District Attorney's office informed him that they had until October 10, 2014 to secure the Defendant FCI Cumberland [sic] and that it would be a "long time before Washington County" got the Defendant" due to him needing to deal with Allegheny County charges. The detective's next communication with the ACJ was on November 25, 2014, at which time they verified the Defendant was in their care. Consequently, the Court arranged a video hearing with the ACJ for December 16, 2014 to determine how the Defendant wanted to proceed on the charges.

The Defendant appeared on that date before this Court. It was learned that the Defendant had attempted to contact the Washington County Public Defenders' Office but was unsuccessful. Therefore, the Defendant did not want to proceed and the Court issued an order directing that office [sic] contact the Defendant and scheduled a pre-trial conference for January 30, 2015. At that hearing, the Defendant requested a continuance due to on-going plea negotiations. The Court rescheduled the matter for a pre-trial conference on March 6, 2015. However, the Defendant then filed a Rule 600 motion on February 6, 2015.

Order, 3/18/15, at 1-3.

The trial court denied Pratt's Rule 600 motion after holding a pre-trial hearing. Thereafter, a non-jury trial was held, and Pratt was convicted of theft by deception and access device fraud. The trial court subsequently imposed a sentence of 1 year less 1 day to 2 years less 2 days'

imprisonment for theft by deception, plus 3 years of concurrent probation for access device fraud.[1] This timely appeal followed.

On appeal, Pratt contends that the trial court erred in denying his Rule 600 motion, thus violating his right to a speedy trial. Specifically, Pratt argues that the mechanical run date for Rule 600 was exceeded, and that the Commonwealth did not establish that it had exercised due diligence in bringing the case to trial. **See** Appellant's Brief, at 11-16.

Rule 600 requires the Commonwealth to bring a defendant to trial within 365 days of the filing of the criminal complaint. **See** Pa.R.Crim.P. 600(A)(2)(a).[2] Our scope and standard of review on this issue are as follows.

> Our standard of review relating to the application of Rule 600 is whether the trial court abused its discretion. Our scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing and the findings of the trial court. We must view the facts in the light most favorable to the prevailing party.

***Commonwealth v. Robbins***, 900 A.2d 413, 415 (Pa. Super. 2006) (citation omitted).

> Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule [600]. Rule [600] serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both

_____

[1] Pratt was also ordered to pay restitution.

[2] The parties in this case analyzed the speedy trial rule under this section, so we will do the same.

to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule [600] was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

*Commonwealth v. Hunt*, 858 A.2d 1234, 1239 (Pa. Super. 2004) (*en banc*) (citation omitted; brackets in original).

"[T]o obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion to dismiss the charges." *Commonwealth v. Hyland*, 875 A.2d 1175, 1189 (Pa. Super. 2005). The first step in conducting a Rule 600 analysis is to calculate the "mechanical run date." *Commonwealth v. Lynn*, 815 A.2d 1053, 1056 (Pa. Super. 2003). "The mechanical run date is the date by which the trial must commence under Rule 600. It is calculated by adding 365 days … to the date on which the criminal complaint is filed." *Id*. (citation omitted). "If the Commonwealth attempts to bring a defendant to trial beyond the 365 day-period prescribed by Rule 600, and the defendant filed a Rule 600 motion to dismiss, the court must assess whether there is excludable time and/or excusable delay." *Hunt*, 858 A.2d at 1241. The court must exclude from the time for commencement of trial any periods during which the defendant was unavailable, including any continuances requested by the defendant. *See* Pa.R.Crim.P. 600(C); Rule 600, *Comment*. The amount of excludable time is added to the mechanical run date to arrive at an adjusted run date. *See* *Commonwealth v. Ramos*, 936 A.2d 1097, 1103 (Pa. 2007).

Mere incarceration in another state does not automatically make a defendant unavailable within the meaning of Rule 600. **See Commonwealth v. Kubin**, 637 A.2d 1025, 1026 (Pa. Super. 1994). "A defendant is only unavailable if the delay in returning him to Pennsylvania is due to the other state causing the delay; the prosecution, however, must exercise due diligence in attempting to bring the defendant back for trial." **Id**. (citation omitted).

Even where a violation of Rule 600 has occurred, we must apply a due diligence analysis to assess whether the delay was excusable. **See Ramos**, 936 A.2d at 1103. "'Excusable delay' is not expressly defined in Rule 600, but the legal construct takes into account delays which occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence." **Hunt**, 858 A.2d at 1241 (citation omitted). Due diligence must be determined on a case-by-case basis. **See id**. "Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." **Id**., at 1241-1242 (citation omitted). A period of delay that is excusable results in an extension to the adjusted run date. **See Ramos**, 936 A.2d at 1103. Extensions added to the adjusted run date produce the final Rule 600 run date. **See id**. The trial court must dismiss the charges if the Commonwealth does not bring the defendant to trial on or before the final run date. **See id**.

In the instant case, the Commonwealth filed its complaint on May 15, 2013. Thus, the mechanical run date was May 15, 2014. Pratt had not been

brought to trial when he filed his motion to dismiss on February 6, 2015. On September 10, 2013, Pratt requested that his preliminary hearing be continued. On October 15, 2013, the Commonwealth requested a continuance. Pratt requested another continuance on November 19, 2013. The preliminary hearing was held on December 17, 2013. The 35-day period between September 10, 2013 and October 15, 2013 is excludable pursuant to Rule 600(C), as is the 28-day period between November 19, 2013 and December 17, 2013. Addition of 63 days of excludable time results in an adjusted run date of July 17, 2014.

According to the record, the Commonwealth was not aware of Pratt's incarceration at FCI Cumberland until July 30, 2014. This Court has previously held that a defendant is "unavailable" within the meaning of Rule 600 when he is incarcerated in another jurisdiction and the Commonwealth is unaware of his whereabouts. **Commonwealth v. Haynes**, 488 A.2d 602, 605 (Pa. Super. 1985).[3] Thus, the 154-day period between February 26, 2014 and July 30, 2014 is excludable under Rule 600(C). Addition of 154 days of excludable time results in an adjusted run date of December 18, 2014.

Once Detective McElhaney became aware of Pratt's incarceration at FCI Cumberland, he contacted the officials at FCI Cumberland and expressed

---

[3] **Haynes** was decided when Rule 600 was known as Rule 1100. Nevertheless, the analysis remains the same.

the desire to extradite Pratt. Detective McElhaney was told that Pratt would not be available for extradition until after he completed his sentence at FCI Cumberland. He was also told that Pratt would not be released to any authority other than ACJ. Nevertheless, Detective McElhaney filed a detainer on August 12, 2014. After reviewing the efforts of Detective McElhaney, the trial court found that the time from when the Commonwealth discovered Pratt's whereabouts, July 30, 2014, to when Pratt was delivered to ACJ, October 10, 2014, was excludable. **See** Rule 600, *Comment* ("[T]he defendant should be deemed unavailable for the period of time during which the defendant contested extradition, *or a responding jurisdiction delayed or refused to grant extradition*.") (emphasis added). We see no abuse of discretion in the court's decision. **See Commonwealth v. McNear**, 852 A.2d 401, 407 (Pa. Super. 2004). Addition of 72 days of excludable time results in an adjusted run date of February 28, 2015. Since Pratt filed his Rule 600 motion on February 6, 2015, the trial court properly denied his Rule 600 motion.[4]

Judgment of sentence affirmed. Jurisdiction relinquished.

_____

[4] Because it is clear that Pratt filed his Rule 600 motion before the extended run date, we need not analyze the entire record to determine whether the final run date is February 28, 2015 or some later date. **See Hyland**, 875 A.2d at 1189.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  5/5/2016