J-S54022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SHAWN EDWARD MCDONELL :
:
Appellant : No. 165 WDA 2018

Appeal from the Judgment of Sentence January 11, 2018
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0001612-2016

BEFORE: PANELLA, J., LAZARUS, J., and MURRAY, J.

MEMORANDUM BY LAZARUS, J.: **FILED OCTOBER 19, 2018**

Shawn Edward McDonell appeals from his judgment of sentence, entered in the Court of Common Pleas of Butler County, after a jury convicted him of two counts of recklessly endangering another person ("REAP"),[1] and one count each of defiant trespass[2] and disorderly conduct.[3] The trial court also found him guilty of the summary offense of harassment.[4] Upon review, we affirm.

_____

[1] 18 Pa.C.S.A. § 2705.

[2] 18 Pa.C.S.A. § 3503(b)(1)(i).

[3] 18 Pa.C.S.A. § 5503(a)(4).

[4] 18 Pa.C.S.A. § 2709(a)(3).

On July 1, 2016, McDonell arrived at New Life Christian Church in Jefferson Township, Butler County. Church staff denied him entry to the building. He returned to his pickup truck; he was subsequently seen burning something in the truck's bed. McDonell then drove around to the side of the church, where people were setting up for a church anniversary picnic. Mark Lutz, a pastor at the church, called Brian Summers, head of operations and security at the church, and asked him to come to the church to talk to McDonell. Summers subsequently contacted Pennsylvania State Police because he was concerned that McDonell would return to the church property during the anniversary picnic to be held later that day.

Police located McDonell at a nearby gas station, where he was informed he was not allowed on church property until further notice. Church Pastor Chris Marshall told McDonell that his wife was allowed to be on the property.

That evening, McDonell pulled up to the church entrance to drop his wife off for the picnic. McDonell was again informed that he was not allowed on the property and that his wife would be provided a ride home after the picnic. McDonell left the property, but returned shortly thereafter. James Reedy, church attendant in charge of parking lot security, stood in the path of McDonell's vehicle to prevent entry, but had to jump out of the way to avoid being hit by McDonell's truck. McDonell drove his truck towards the area where people were gathered for the picnic, but stalled before he reached it. Summers detained McDonell and called the police. A church member drove

McDonell's truck back to the parking lot and later drove it back to his home. McDonell later testified to having mechanical problems with the truck that would not allow him to stop, but failed to mention that fact at the time of the incident.

McDonell was tried on October 24, 2017. A jury convicted him of two counts of REAP, and one count each of defiant trespass and disorderly conduct. The trial court, sitting without a jury, subsequently found McDonell guilty of harassment. On January 11, 2018, the trial court sentenced McDonell to seventy-two months of probation. McDonell filed a notice of appeal and a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On appeal, McDonell raises the following issues:

1. Whether the trial court erred in denying the dismissal of [McDonell's] charges due to violation of the [Pa.R.Crim.P] 600.

2. Whether the trial court erred in permitting Commonwealth witnesses to testify that infringed upon the [McDonell's] pre-trial motion *in limine* seeking exclusion of testimony regarding prior specific instances of domestic violence or mental health conduct on the day of the charged criminal offense.

3. Whether the weight and sufficiency of the evidence presented by the Commonwealth is enough to sustain the guilty verdict rendered for the offense of [REAP].

Appellant's Brief, at 12.

McDonell first claims that the trial court erred in failing to grant his Rule 600 motion to dismiss. Specifically, McDonell asserts the trial court improperly excluded the time periods of July 6, 2017 through July 13, 2017

- 3 -

as a delay attributable to the judiciary, and February 27, 2017 through March 16, 2017 as a delay attributable to his filing of an omnibus pretrial motion. McDonell is entitled to no relief.

Our standard of review with regard to claims brought under Rule 600 is whether the trial court committed an abuse of discretion. ***Commonwealth v. Hill***, 736 A.2d 578, 581 (Pa. 1991). "An abuse of discretion is more than just an error of judgment and, on appeal, a trial court will not be found to have abused its discretion unless the record discloses that 'the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.'" ***Commonwealth v. Lane***, 424 A.2d 1325, 1328 (Pa. 1981), quoting ***Commonwealth v. Braithwaite***, 253 A.2d 423, 426 (Pa. Super. 1978). Our scope of review is "limited to the evidence on the record of the Rule [600] evidentiary hearing and the findings of the trial court." ***Hill***, 736 A.2d at 581. We must "view the facts in the light most favorable to the prevailing party." ***Id.***

Rule 600 requires that the Commonwealth bring a defendant to trial within 365 days from the filing of the complaint. ***See*** Pa.R.Crim.P. 600(A)(2)(a). With regard to the computation of time, Rule 600 provides:

> Periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1).

"[A]ny delay in the commencement of trial that is not attributable to the Commonwealth when the Commonwealth has exercised due diligence must be excluded from the computation of time." Pa.R.Crim.P. 600, comment. Therefore, "[i]f the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded." *Id.* Due diligence is a fact-specific concept and is determined on a case-by-case basis. *Commonwealth v. Kubin*, 637 A.2d 1025, 1027 (Pa. Super. 1994). "Due diligence does not require perfect vigilance and punctilious care, but rather a showing by the Commonwealth that a reasonable effort has been put forth." *Hill*, 736 A.2d at 588.

Furthermore, "the mere filing of a pretrial motion by a defendant does not automatically render him unavailable." *Id.* at 586. A defendant is only unavailable for trial "if a delay in the commencement of trial is caused by the filing of the motion." *Id.* In order to establish that a delay is excludable, the Commonwealth must demonstrate, by a preponderance of the evidence, that it exercised due diligence in opposing or responding to the pretrial motion. *Id.* at 587-88.

Here, the Commonwealth filed the complaint on July 2, 2016. This required trial to commence on or before July 2, 2017, without time excluded. Trial began with jury selection, 461 days later, on October 6, 2017. Thus, absent a finding of excludable time, McDonell would be entitled to dismissal under Rule 600.

The trial court declined to dismiss McDonell's case, finding the periods of July 6, 2016 through July 13, 2016 excludable at the behest of the magistrate; February 27, 2017 through March 16, 2017 excludable because McDonell filed a pretrial motion; and May 25, 2017 through August 16, 2017 excludable because McDonell requested a continuance.

McDonell disputes the exclusion from the time period of July 6, 2016 through July 13, 2016 because, he asserts, the court was aware, when scheduling the hearing for July 6, 2016, that it would need to reschedule. Rule 600, though, requires due diligence by the Commonwealth. Because the Commonwealth had no control over the schedule of the trial court, this time is not chargeable to the Commonwealth. *See Commonwealth v. Ramos*, 936 A.2d 1097, 1104 (Pa. Super. 2007) (finding delay attributable to court's full calendar as excludable time); *see also Commonwealth v. McCarthy*, 180 A.3d 368, 376 (Pa. Super. 2018) (finding unavailability on trial court calendar as excludable time). This exclusion of time was, therefore, proper.

McDonell also disputes the exclusion of the time period between February 27, 2017 and March 16, 2017 because, although he filed an omnibus pretrial motion, it did not cause a trial delay. However, the filing of his first pretrial motion, on February 1, 2017, did in fact cause a delay to the call of the list originally scheduled for that same day. When McDonell filed his motion, the court rescheduled the call of the list for March 15, 2017. Although McDonell claims his February 27, 2017 filing caused no delay, because the

February 27, 2017 filing fell within the original period of delay caused by the February 1, 2017 filing, the time is properly excludable.

Thus, including the May 25, 2017 through August 16, 2017 delay, caused by McDonell, which is not in dispute, McDonell's trial occurred within 328 days, satisfying the requirements under Rule 600. Accordingly, the court properly denied his motion to dismiss and we find no abuse of discretion. **Hill, supra**.

McDonell next claims that the trial court erred in permitting the Commonwealth's witnesses to testify regarding information that allegedly violated the trial court's order granting his motion *in limine*. Specifically, McDonell claims the court erroneously admitted testimony regarding allegations of domestic violence and mental health conduct leading up to the acts at issue. We disagree.

A Rule 1925(b) statement must be specific enough for the trial court to identify and address the issues the appellant wishes to raise on appeal. **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001). If the trial court has to guess at what issue appellant is raising, there is not enough information for a meaningful review and appellant waives that issue. **Id.** at 687 (finding concise statement too vague for court to identify and address issues appellant raised).

Here, McDonell failed to specify, in his Rule 1925(b) statement, exactly what testimony he believed violated the court order granting his motion *in*

*limine*. As a result, in writing its Rule 1925(a) opinion, the trial court was required to guess as to the testimony of which McDonell complained.[5] On appeal, McDonell bases his claim on entirely different testimony than that addressed by the trial court. Because the absence of a trial court opinion addressing the issue raised on appeal "poses a substantial impediment to meaningful and effective appellate review," ***Commonwealth v. Lord***, 719 A.2d 306, 308 (Pa. 1998), we are constrained to conclude that McDonell has waived this issue on appeal. [6]

Finally, McDonell challenges the sufficiency and weight of the evidence as to his conviction for REAP. Specifically, McDonell claims that there was no testimony suggesting that anyone on the church property was in danger of death or serious bodily injury. He is entitled to no relief.

"The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt." ***Commonwealth v. Gibbs***, 981 A.2d 274, 280 (Pa. Super. 2009).

---

[5] The trial court, in its opinion pursuant to Pa.R.A.P. 1925(a), also believed that McDonell had waived the claim because he did not specify the testimony to which he referred.

[6] Even if McDonell did not waive this issue, it is meritless. The testimony McDonell complains of on appeal, regarding the fire in the bed of his truck, has nothing to do with the allegations of domestic violence excluded by the order granting the motion *in limine*.

A person commits REAP when he "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A § 2705. "A person acts recklessly with respect to a material element of an offense when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct." **Commonwealth v. Huggins**, 836 A.2d 862, 868 (Pa. Super. 2003). The Commonwealth carries the burden of proving either that conduct is reckless or allows for an inference of recklessness, which the defendant can refute. **See id.** at 866-67.

In challenging the sufficiency of the evidence supporting his conviction, McDonell contends that the Commonwealth failed to "demonstrate that any of the 50 to 75 unnamed celebration attendants were or may have been in danger of death of serious bodily injury." Appellant's Brief, at 31. However, there was ample testimony to support the guilty verdict. Mark Lutz testified to seeing McDonell's "red pickup truck coming down off [the] parking lot . . . down over the hill into the field and began to make a left-hand turn towards the kids and the area where our church families were." N.T Trial, 10/25/17, at 45. Brian Summers testified that McDonell's pickup truck went "barreling through" the entranceway of the church, where security officials were standing. N.T. Trial, 10/25/17, at 80-82. Summers also stated that the truck headed towards the area where children's bounce houses were set up. **Id.** Reedy testified that he tried to block McDonell's entrance to the church

property by standing in the middle of the lane and blocking his path, but McDonell continued to proceed. Reedy "had to jump out of the way of the vehicle" because "he was not slowing down at all" and "would have hit him." *Id.* at 107-108. This testimony amply demonstrates that, in driving his truck towards Reedy and the children and families present at the festivities, McDonell recklessly placed other people in danger of death or serious bodily injury. Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the jury could have determined beyond a reasonable doubt that McDonell was guilty of REAP. *See Gibbs*, 981 A.2d at 280.

Finally, McDonell claims that even if his sufficiency argument fails, the Court should reverse the conviction based on the weight of the evidence. Such a claim, though, must be presented to the trial court while it exercises jurisdiction over a matter since "[a]ppellate review of a weight claim is a review of the exercise of discretion, not the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000). To preserve a challenge to the weight of the evidence, the appellant must raise a motion for a new trial with the trial judge, either: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion. Pa.R.Crim.P. 607(A).

Here, McDonell did not avail himself of any of the prescribed methods of presenting his weight claim to the trial court and, therefore, his claim has

been waived. **See Commonwealth v. Griffin**, 65 A.3d 932 (Pa. Super. 2013)

(claim challenging weight of evidence cannot be raised for first time in Rule

1925(b) statement).[7]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/19/2018

---

[7] Even if this issue had not been waived, McDonell would not be entitled to relief. McDonell claims the guilty verdict of REAP is against the weight of the evidence because none of the 50 to 75 unnamed festival attendees were in the path of his truck. However, there is ample evidence to the contrary, including both Reedy and other children and families, and the fact that the jury chose to give that testimony more weight is not to be disturbed on review. **See Widmer**, 744 A.2d at 754; **see also Commonwealth v. Laing**, 456 A.2d 204, 207 (Pa. Super. 1983) (finding verdict for REAP not against weight of evidence where defendant drove van towards man and then towards group of people on sidewalk, knocking down some and causing others to jump out of the way). The trial court did not abuse its discretion in finding McDonell's weight clam meritless.