J-S18008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN RE: SHAUN DEANDRE HALL | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: COMMONWEALTH OF | : | |
| PENNSYLVANIA | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1418 WDA 2023 |

Appeal from the Order Entered October 27, 2023
In the Court of Common Pleas of Somerset County Criminal Division at
No(s):  CP-56-MD-0000116-2023

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED: August 12, 2024**

The Commonwealth appeals from the order of the Somerset County Court of Common Pleas ("trial court") granting Shaun Deandre Hall's motion to dismiss pursuant to Pa.R.Crim.P. 600. The Commonwealth argues the trial court erred by finding the Rule 600 clock was not tolled during the time Hall was incarcerated in Ohio and his arrest warrant in the underlying matter had been vacated by the presiding Pennsylvania Magisterial District Judge to allow Hall to participate in drug and alcohol treatment. As we do not agree the trial court abused its discretion by including this time period in the Rule 600 calculation, we affirm.

On December 9, 2020, Somerset County Magisterial District Judge ("MDJ") Susan Mankamyer issued an arrest warrant for Hall. Sergeant Brian Witherite, a Pennsylvania State Game Warden and the affiant on the

underlying criminal complaint, entered the arrest warrant into the National Crime Information Center and unsuccessfully attempted to locate Hall.

In March 2021, the Sheriff's Office from Wayne County, Ohio, contacted Sergeant Witherite and informed him the Sheriff's Office was actively attempting to locate and arrest Hall on Ohio criminal charges. Sergeant Witherite reported that during this phone call, he told the Sheriff's Office that, based upon information he had, "Pennsylvania [would] extradite back upon successful[ly] obtaining Hall[.]" N.T. Motion to Dismiss Hearing, 10/26/2023, at 34.

On March 15, 2021, the Wayne County Sheriff's Office contacted Sergeant Witherite once again, telling him Hall was in custody at the Wayne County Jail in Ohio. Sergeant Witherite testified that he continued to have contact with Ohio authorities about Hall between March 2021 and November 2021. *See id.* at 35-36.

In November 2021, the Somerset County District Attorney's Office referred prosecution of the underlying matter to the Office of the Attorney General. Deputy Attorney General Kara Rice was assigned the case. She testified she contacted the District Attorney's office to get information on the extradition of Hall and was forwarded an email which had provided Ohio authorities with a copy of the arrest warrant for Hall in the underlying matter. *See id.* at 43.

Meanwhile, Hall was convicted of the Ohio charges and sentenced to prison in that state. On January 5, 2022, at a scheduled preliminary hearing, Hall, through his Pennsylvania counsel, asked MDJ Mankamyer to vacate the arrest warrant in the underlying case. The request was made by Hall because he wished to participate in a drug and alcohol treatment program while incarcerated in Ohio, but the outstanding warrant in his Pennsylvania criminal case disqualified him from participation. MDJ Mankamyer granted the request.

On August 30, 2023, the Commonwealth requested that MDJ Mankamyer reinstate the arrest warrant on the underlying criminal charges. MDJ Mankamyer granted the request and reinstated the warrant on September 20, 2023.

That same day, Hall filed a motion to dismiss pursuant to Rule 600, arguing the Commonwealth had violated his speedy trial rights. Following a hearing, the trial court granted the motion and dismissed the charges against Hall.

On November 27, 2023, the Commonwealth filed both a notice of appeal to this Court as well as a motion for reconsideration with the trial court. On December 12, 2023, the trial court heard argument on the motion, but ultimately determined it did not have jurisdiction to rule on the motion.[1]

---

[1] While the Commonwealth states in its brief that this "ruling is not at issue here," it points out the trial court could have granted the motion for reconsideration pursuant to Pa.R.A.P. 1701(b)(3). Appellant's Brief at 14 n.5.

The trial court also ordered the Commonwealth to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and the Commonwealth complied.

In its responsive opinion, the trial court outlined the three time periods relevant to Hall's Rule 600 motion. First, the trial court stated that all parties agreed that the period from December 9, 2020 (the date Hall's arrest warrant was issued) to March 19, 2021 was excludable due to the court-ordered suspension of Rule 600 because of the COVID-related judicial emergency. Therefore, the court found the Commonwealth had been required to bring Hall to trial within 365 days of March 20, 2021 unless the Commonwealth established there were additional times that were excludable from the Rule 600 calculation.

To that end, the trial court noted, there were two other time periods the Commonwealth contended the trial court should have excluded from the Rule 600 calculation. First, the Commonwealth asserted the period from March 19, 2021 to January 5, 2022 should have been excluded because the Commonwealth had exercised due diligence in attempting to extradite Hall from Ohio to Pennsylvania during that period. The trial court disagreed. Instead, the court concluded it had properly included that time period in the Rule 600 calculation as the Commonwealth had not exercised due diligence in attempting to extradite or transport Hall from Ohio during that period.

Second, the Commonwealth contended the trial court should have excluded the time period from January 5, 2022 to September 20, 2023, which represented the time the arrest warrant in the underlying matter remained inactive, because the Commonwealth lacked the ability to secure Hall from Ohio in the absence of an active arrest warrant. Once again, the court disagreed. The court found it had properly included this time period because, although the Commonwealth was correct that it needed an active warrant to act as a detainer, the Commonwealth failed to act with due diligence by not opposing Hall's request to vacate the warrant so he could participate in drug and alcohol treatment or by insisting that Hall waive his Rule 600 rights during his treatment period as a condition of vacating the warrant.

The trial court therefore found it had not abused its discretion in granting Hall's Rule 600 motion as the Commonwealth had been required to bring Hall to trial by March 20, 2022 but had yet to do so when Hall filed his Rule 600 motion on September 20, 2023.

The Commonwealth raises this single issue on appeal:

Where [Hall] was incarcerated in Ohio and requested the cancellation of his Pennsylvania arrest warrant to participate in rehabilitative treatment while serving his Ohio sentence, did the court below err in concluding that [Hall] was available for purposes of Pennsylvania Rule of Criminal Procedure 600 and that the Commonwealth failed to exercise the requisite due diligence by not initiating the extradition process as soon as possible?

Appellant's Brief at 4 (trial court's answer omitted).

As the Commonwealth's framing of the issue makes clear, the only time period the Commonwealth focuses on in its appeal is the time period from January 5, 2022, when MDJ Mankamyer vacated the Pennsylvania arrest warrant at Hall's request, through September 20, 2023, when MDJ Mankamyer reinstated the warrant at the Commonwealth's request and Hall filed his Rule 600 motion. The Commonwealth, in a footnote, continues to maintain that it acted with due diligence in attempting to extradite Hall from Ohio from March 20, 2021 through January 5, 2022. However, the Commonwealth recognizes that even if it established that it had exercised due diligence during that period, it would still have to establish it exercised due diligence from January 5, 2022 through September 20, 2023 in order to comply with Rule 600. As such, the "Commonwealth focuses its argument [only] on that period." Appellant's Brief at 19 n. 7. We follow suit.

We review a trial court's order granting a defendant's Rule 600 motion for an abuse of discretion. *See Commonwealth v. Plowden*, 157 A.3d 933, 936 (Pa. Super. 2017). An abuse of discretion occurs only when the trial court misapplies the law or exercises its judgment in a way that is manifestly unreasonable or the result of partiality, prejudice, bias or ill will. *See id.* We must review the facts in the light most favorable to the prevailing party. *See id*.

Rule 600(A) requires the Commonwealth to commence trial against a defendant within 365 days of the filing of a criminal complaint. *See*

Pa.R.Crim.P. 600 (A)(2)(a). Certain periods of delay, however, do not count in the calculation of when trial must commence. To that end, the Rule provides that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600 (C)(1).

The comment to Rule 600 further clarifies that:

[T]he inquiry for a judge in determining whether there is a violation of the time periods in paragraph (A) is whether the delay is caused solely by the Commonwealth when the Commonwealth has failed to exercise due diligence. If the delay occurred as a result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excludable. In determining whether the Commonwealth has exercised due diligence, the courts have explained that "due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort."

Pa.R.Crim.P. 600, Comment (citations omitted).

The comment also references the situation where a defendant is incarcerated in another state, as Hall was here. The comment provides that such a defendant will be deemed unavailable for Rule 600 purposes during any time he contests extradition or the jurisdiction where the defendant is incarcerated delays or refuses to grant extradition. *See id.* As the comment makes clear, a criminal defendant is not automatically unavailable for purposes of Rule 600 merely because he is incarcerated in another state. *See*

*Commonwealth v. Morgan*, 239 A.3d 1132, 1138 (Pa. Super. 2020). Rather, "a criminal defendant who is incarcerated in another jurisdiction is unavailable within the meaning of Rule 600 if the Commonwealth demonstrates by a preponderance of the evidence that it exercised due diligence in attempting to procure the defendant's return for trial." *Plowden*, 157 A.3d at 941 (citations omitted); *see also Morgan*, 239 A.3d at 1138 (stating that a "defendant is only unavailable if the delay in returning him to Pennsylvania is due to the other state causing the delay; the prosecution, however, must exercise due diligence in attempting to bring the defendant back for trial.") (citation omitted).

Here, the Commonwealth concedes that it did not make any efforts to extradite Hall from Ohio from January 5, 2022, when the arrest warrant was lifted, through August 30, 2023, when it requested the reinstatement of the warrant. It argues, however, that its "decision to allow [Hall] to remain in Ohio [to obtain treatment] during his sentence was consistent with the obligation of due diligence under Rule 600." Appellant's Brief at 20. To find otherwise, the Commonwealth insists, would force it to choose between securing a conviction and allowing a defendant to seek treatment.

The Commonwealth further argues that, once the arrest warrant was vacated, it no longer had the power to obtain custody of Hall. According to the Commonwealth, an active arrest warrant was necessary to secure custody of Hall pursuant to the only two methods available to do so, the Uniform Criminal

Extradition Act and the Interstate Agreement on Detainers. Accordingly, "it would have been futile for the Commonwealth to pursue extradition after January 5, 2022" and "due diligence does not require futile acts." *Id.* at 23, 26.

The most noticeable, and unfortunate, flaw with the Commonwealth's arguments is that they fail to address the trial court's central point in its Rule 1925 opinion that when Hall requested the temporary lifting of his arrest warrant it remained the Commonwealth's duty to take some action to ensure this accommodation would not implicate its ability to make Hall available for trial within the time required by Rule 600. According to the trial court, the Commonwealth's failure to take such actions made the suggested timeframe includable in the Rule 600 calculation pursuant to *Commonwealth v. Kubin*, 637 A.2d 1025 (Pa. Super. 1994).

There, after a complaint was lodged in Pennsylvania against Rudolph Kubin, he was imprisoned in New Jersey. A bench warrant was subsequently issued for Kubin's failure to appear for trial in Pennsylvania. However, the bench warrant was lifted at Kubin's request and without any objection by the Commonwealth at a hearing on June 5, 1991. *See id.* at 1028. Kubin eventually filed a motion to dismiss the Pennsylvania charges based on the Commonwealth's failure to bring him to trial within the time mandated by Pa.R.C.P. 1100, the predecessor to Rule 600. The trial court granted the

motion. On appeal, this Court affirmed and, relevant to this appeal, adopted the following analysis by the trial court:

> [W]e reject the Commonwealth's argument that its initial effort to effect extradition "was undermined by defendant's counsel's insistence of the lifting of the bench warrant." The Commonwealth's initial effort was, in fact, "undermined" by its decision to accommodate defendant without regard to the subsequent effect of that decision under Rule 1100. At the June 5th hearing, the Commonwealth failed to oppose the dismissal of the bench warrant and to explain to the court that a bench warrant was necessary as a detainer in order to effect extradition. …
>
> There is nothing in the record to indicate that the defendant's attorney's request that the bench warrant be lifted was in any way improper, or even unreasonable. It was not the duty of the defendant's attorney to ensure that the District Attorney's Office was properly pursuing extradition, or to advise the court as to the procedures necessary to effect extradition. If the bench warrant was needed in order to act as a detainer for extradition purposes, then it was the duty of the Commonwealth to raise this issue at the June 5th hearing. Its failure to do so clearly evidences a lack of due diligence under Rule 1100.

*Id.* at 1028 (*quoting* Trial Court Opinion, 6/16/1993 (Case 2331), at 9-10) (brackets omitted).

Applying **Kubin** to the instant case, the trial court stated:

> As in **Kubin**, the request by [Hall's] attorney in this case to vacate the warrant was not unreasonable nor improper. [Hall] asserted that the Commonwealth had agreed to allow the warrant to be vacated. Aside from that assertion there was no further evidence or testimony regarding whether the warrant being vacated was agreed to by the Commonwealth or not. However, even if the Commonwealth did not agree, they also did not demonstrate that they opposed the warrant being vacated, that they explained to the MDJ that the warrant was needed for extradition, or that they insisted a waiver of Rule 600 be a condition. The Commonwealth not doing any of these actions shows that they failed to act with due diligence to obtain [Hall]. …

- 10 -

The timeframe of January 5, 2022 to September 30, 2023 should not be excluded from the Rule 600 computation because the Commonwealth failed to either oppose the vacating of the warrant in front of the MDJ while explaining it as necessary for extradition, or requesting that a waiver of Rule 600 be a requirement to vacate the warrant.

Trial Court Opinion, 2/16/2024, at 12-13 (citations to record omitted) (single paragraph divided into two).

We discern no abuse of discretion in the trial court's determination. The Commonwealth argues, however, that *Kubin* is inapposite because the Commonwealth in *Kubin* "did not face the catch-22 of either bringing defendant to Pennsylvania or allowing him to participate in a drug and alcohol treatment program." Appellant's Brief at 28. The Commonwealth maintains Hall's time in treatment while incarcerated in Ohio should be excludable from the Rule 600 calculation in the same manner this Court has excluded the time a defendant voluntarily committed himself to a rehabilitation center, *see Commonwealth v. Roles*, 116 A.3d 122 (Pa. Super. 2015), or the time a defendant spent receiving in-patient mental health treatment following two suicide attempts, *see Commonwealth v. Mansberry*, 514 A.2d 926 (Pa. Super. 1986).

We are not persuaded that *Roles* or *Mansberry* control the inquiry here. Neither *Roles* nor *Mansberry* involved a defendant incarcerated in another state and therefore did not deal with issues involving the defendant's extradition. Moreover, neither case negates the trial court's reasoning supporting its finding that the Commonwealth did not exercise due diligence

- 11 -

here. The court explained that Hall's request for the cancellation of the arrest warrant was made during a hearing at which the Commonwealth was present, and there is nothing on the record showing that the Commonwealth even raised what effect the lifting of the warrant might have on its ability to comply with Hall's speedy trial rights. Again, notwithstanding the good faith demonstrated by the Commonwealth, the trial court found the Commonwealth's failure to do so constituted a failure to act with due diligence. The Commonwealth has failed to establish that the trial court abused its discretion by reaching this conclusion. While we applaud the Commonwealth's interest in not impeding a defendant's ability to receive needed treatment, this cannot give way to its duty to exercise due diligence to bring a defendant to trial within the parameters of Rule 600. **See Commonwealth v. Colon**, 87 A.3d 352, 359 (Pa. Super. 2014) (stating that it is the Commonwealth that has the burden of demonstrating it exercised due diligence in bringing the defendant to trial on time).

We add that, in addition to failing to raise the Rule 600 issue at the January 5, 2022 hearing, the Commonwealth did not take any steps to ensure the extradition of Hall from that point on until it sought reinstatement of the arrest warrant in August 2023. The Commonwealth concedes as much. It states: "[After] the court cancelled the arrest warrant, [ ] the Commonwealth paused its efforts to retrieve [Hall] during his Ohio sentence. Neither [Hall] nor [Hall's] counsel informed the Commonwealth that [Hall] no longer needed

treatment and could be brought to Pennsylvania for trial." Appellant's Brief at 19. Again, it is the Commonwealth's burden, not the defendant's, to demonstrate that it exercised due diligence in extraditing a defendant and bringing him to trial on time. *See Colon*, 87 A.3d at 359; *Kubin*, 637 A.2d at 1028. The Commonwealth has failed to show the trial court abused its discretion by concluding the Commonwealth had not met its burden here. No relief is due.

Order affirmed.

Judge McLaughlin joins the memorandum.

Judge Sullivan concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 08/12/2024