J-S25022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DION DAVID DERRIG | : | |
| | : | |
| Appellant | : | No. 1974 MDA 2018 |

Appeal from the PCRA Order Entered November 7, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000765-2011

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DION DAVID DERRIG | : | |
| | : | |
| Appellant | : | No. 135 MDA 2019 |

Appeal from the PCRA Order Entered November 7, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000764-2011

BEFORE: LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 09, 2020**

Appellant, Dion David Derrig, appeals *pro se* from the Orders entered November 7, 2018, which denied and dismissed his first Petitions for collateral relief filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-

9546.[1]  After careful review, we conclude Appellant's claims lack merit or are waived.  We, thus, affirm.

On March 1, 2012, at Docket No. 765-2011, a jury convicted Appellant of Receiving Stolen Property and Retail Theft.[2]  Thereafter, on March 6, 2012, at Docket No. 764-2011, a separate jury convicted Appellant of Deceptive or Fraudulent Business Practices.[3]  On April 2, 2012, the trial court imposed an aggregate sentence of 32 to 120 months of incarceration.  In addition, the court directed Appellant to pay the costs of prosecution and restitution to the victims.  Appellant timely appealed, and this Court affirmed the Judgment of Sentence.  **See Commonwealth v. Derrig**, 1711 MDA 2012, 1712 MDA 2012, unpublished memorandum at 2-4 (Pa. Super. filed June 17, 2013).  Appellant did not seek further discretionary review in the Supreme Court.

In 2013, Appellant timely and *pro se* filed Petitions for collateral relief.  The PCRA court appointed Deborah Barr, Esq. as counsel but thereafter granted leave for her to withdrawal based upon Appellant's dissatisfaction with

_____

[1] Throughout these collateral proceedings, Appellant has maintained separate filings for each criminal docket listed above.  The PCRA court issued separate Orders, one at each of Appellant's criminal dockets, denying Appellant's Petitions.  We *sua sponte* consolidated these appeals as they present similar issues.  Order, 1974 MDA 2018, 135 MDA 2019 (Pa. Super. filed May 17, 2019).  As we set forth the procedural history of this case, we will cite to these criminal dockets separately where necessary.

[2] 18 Pa.C.S. §§ 3925(a), 3929(a)(1), respectively.

[3] 18 Pa.C.S. § 4107(a)(2).

her representation. The PCRA court appointed Patrick Beirne, Esq. to represent Appellant, but counsel requested leave to withdraw after concluding that Appellant's claims lacked merit.[4] Following timely responses from Appellant, the PCRA court granted counsel leave to withdraw and dismissed Appellant's Petitions. On appeal, filed by Appellant *pro se*, this Court determined that the PCRA court had erred in granting Attorney Beirne leave to withdraw because counsel had failed to address adequately all of the issues Appellant sought to litigate. We therefore remanded this case to the PCRA court with instructions to appoint new counsel to consult with Appellant regarding his claims and to file an amended Petition or a proper no-merit letter. *See Commonwealth v. Derrig*, 219 MDA 2015, 220 MDA 2015, unpublished memorandum at 4-11 (Pa. Super. filed February 29, 2016).

On remand, the PCRA court appointed Carrie Donald, Esq. to represent Appellant. Thereafter, Attorney Donald filed Amended Petitions, in relevant part asserting claims of ineffective assistance of trial counsel.[5]

The PCRA court held an evidentiary hearing in April 2018. At its outset, Appellant sought the appointment of new counsel, asserting that Attorney Donald had not adequately prepared to litigate his claims. After further

---

[4] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[5] *See* Amended Petition, Docket No. 764-2011, 6/28/17; Amended Petition, Docket No. 765-2011, 6/28/17; Re-Amended Petition, Docket 764-2011, 2/9/18; Re-Amended Petition, Docket No. 765-2011, 2/9/18.

discussions with the court, including an option to proceed *pro se*, Appellant elected to retain Attorney Donald but objected to the omission of issues that he had previously raised throughout the collateral proceedings.[6] Appellant testified at the PCRA hearing, detailing his claims against appointed trial and direct appeal counsel, Robert Fleury, Esq. Attorney Fleury did not testify because he was in hospice. **See generally** N.T. PCRA, 4/11/18.

In November 2018, the PCRA court denied Appellant relief and filed Opinions in support of its decision. Referencing this Court's prior instructions to consider all of Appellant's claims, the PCRA court addressed both those issues included in Appellant's counseled Petitions as well as claims that Appellant had raised in earlier *pro se* filings or during the PCRA hearing. Despite continued representation by counsel, Appellant *pro se* appealed.[7] The court did not direct Appellant to file Pa.R.A.P. 1925(b) Statements.

In this Court, Appellant renewed his efforts to obtain new counsel. **See** Application for Substitution of Appointed Counsel, 1974 MDA 2018, 135 MDA 2019, filed 2/21/19. Shortly thereafter, Attorney Donald sought leave to withdraw because Appellant had expressed to her his intention to proceed *pro*

---

[6] By one estimate, Appellant raised as many as forty issues for collateral review. **See Commonwealth v. Derrig**, 219 MDA 2015, 220 MDA 2015, unpublished memorandum at 10.

[7] Appellant filed separate Notices of Appeal, one for each of his criminal dockets.

*se*. ***See*** Application to Withdraw, 135 MDA 2019, filed 3/7/19. This Court then remanded to the PCRA court for a hearing to determine whether Appellant wished to proceed *pro se* or with current counsel. Order, 1974 MDA 2018, filed 3/19/19; Order, 135 MDA 2019, filed 3/19/19).[8]

In April 2019, after a hearing, the PCRA court determined that Appellant knowingly, intelligently, and voluntarily waived his right to counsel in the instant appeals. PCRA Ct. Order, Docket No. 764-2011, filed 4/5/19; PCRA Ct. Order, Docket No. 765-2011, filed 4/5/19. Upon regaining jurisdiction, we *sua sponte* consolidated these appeals and now proceed to consider Appellant's claims.

Appellant raises the following issues:

1. [Whether] the [PCRA] court err[ed] by accepting PCRA Petition[s] that were not in compliance with [Pa.R.Crim.P. 902(A)(9), (14)(b), and (15)] and this Court's . . . remand instructions [set forth in ***Derrig***, 219 MDA 2015, 220 MDA 2015, unpublished memorandum (Pa. Super. filed February 29, 2016)];

[2.] [Whether] the [PCRA] court abuse[d] its discretion, by denying [A]ppellant the opportunity to achieve substantial justice, by denying the Motion [f]or New Counsel, or in the alternative, the opportunity to proceed *pro se* with a continuance to re-amend defective PCRA Petition[s], secure documents and witnesses[;]

[3.] [Whether] the Commonwealth violate[d] [Pa.R.Crim.P. Rule 600, was trial counsel ineffective for not arguing it on direct appeal and did the court err by dismissing it without proper notification[;]

---

[8] ***See Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1988). Despite our remand, Appellant continued to seek appointment of new counsel in this Court. ***See, e.g.***, Application for Appointment of Counsel, 1974 MDA 2019, 4/3/19. We denied the Application. Order, 1974 MDA 2019, 4/5/19.

[4.] [Whether] the discretionary aspect of the restitution sentence imposed [at Docket No. 764-2011] [was] speculative, resulting in an illegal sentence being imposed[; and]

[5.] [Whether] PCRA counsel Carrie Donald[, Esq.] [was] ineffective in the manner in which she amended PCRA Petitions and not securing witnesses and documents[.]

Appellant's Br. at 4 (suggested answers omitted).[9]

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Jarosz*, 152 A.3d 344, 350 (Pa. Super. 2016) (citing *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014)). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010) (citation omitted). "Further, the PCRA court's credibility determinations are binding on this Court, where there is record support for those determinations." *Id.*

To be eligible for relief under the PCRA, a petitioner must establish that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2): a constitutional violation; ineffective assistance of counsel; an unlawfully induced plea; improper

---

[9] In his brief, Appellant asserts an additional claim challenging trial counsel's stewardship. His failure to include this issue in his Statement of Questions Involved is fatal to his review of his argument. *See* Pa.R.A.P. 2116(a). Moreover, Appellant presents no cogent legal argument that acknowledges the elements required to establish ineffective assistance of counsel. *See* Appellant's Br. at 31-36. *See also* Pa.R.A.P. 2119(a)-(e). Accordingly, we decline to address his claims of trial counsel's alleged ineffective assistance.

obstruction by governmental officials; a case where exculpatory evidence has been discovered; an illegal sentence has been imposed; or the tribunal conducting the proceeding lacked jurisdiction. **See** 42 Pa.C.S. § 9543(a)(2)(i)-(viii). In addition, a petitioner must establish that the issues raised in the PCRA petition have not been previously litigated or waived, and that "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel." **Id.** at § 9543(a)(3), (a)(4).

**1. Deficiencies in the Form of Appellant's Counseled Petitions**

Appellant first claims the PCRA court erred when it did not require appointed counsel to file Petitions compliant with Pennsylvania Rule of Criminal Procedure 902. **See** Appellant's Br. at 21. Appellant alleges several defects in the Amended Petitions filed by Attorney Donald, including (1) failure to identify each of Appellant's former counsel, (2) failure to secure authorization from Appellant to file petitions on his behalf, and (3) failure to provide a certification of each witness Appellant intended to call at an evidentiary hearing. **See id.** at 21-23. In addition, Appellant argues that the substance of these filings did not comport with the instructions delivered by this Court on remand, namely that newly appointed counsel should consider all issues Appellant sought to raise in these collateral proceedings. **See id.** at 23-24. Citing Rule 905, Appellant asserts that the PCRA court was required to order further amendment and that its failure to do so constitutes an abuse of discretion. **See id.** at 24.

Pennsylvania Rule of Criminal Procedure 902 indicates that petitions for collateral relief shall "substantially" comply with its enumerated requirements, including the name of each lawyer who has represented the petitioner, a verification by the petitioner that current counsel is authorized to file a petition, and a certified list of potential witnesses. *See* Pa.R.Crim.P. 902(A).

In addition, Pennsylvania Rule of Criminal Procedure 905 provides, in relevant part, that "[w]hen a petition for post-conviction collateral relief is defective as originally filed, the judge shall order amendment of the petition, indicate the nature of the defects, and specify the time within which an amended petition shall be filed." Pa.R.Crim.P. 905(B). Our Supreme Court has clarified that "defective" includes those "petitions that do not comply substantially with Rule 902[.]" *Id.* at cmt.

Appellant's claim warrants no relief. Principally, Appellant misapprehends the purpose of Rule 905. "This rule indicates the desire of [the Supreme] Court to provide PCRA petitioners with a legitimate opportunity to present their claims to the PCRA court in a manner sufficient to avoid dismissal due to a correctable defect in claim pleading or presentation." *Commonwealth v. McGill*, 832 A.2d 1014, 1024 (Pa. 2003) (citation omitted); *see also, e.g.*, *Commonwealth v. Robinson*, 947 A.2d 710, 711 (Pa. 2008) (*per curiam* Order remanding to the PCRA court for further

proceedings because it had failed to offer the petitioner an opportunity to address procedural defects "as contemplated by Pa.R.Crim.P. 905").[10]

Any defects in form apparent in the Amended Petitions and Re-Amended Petitions filed by appointed counsel did not prejudice Appellant. The PCRA court considered each claim raised therein, finding them devoid of merit, not deficient in form. ***See*** PCRA Ct. Op., Docket No. 764-2011, filed 11/7/18, at 5-8; PCRA Ct. Op., Docket No. 765-2011, filed 11/7/18, at 5-6. In addition, the court addressed all claims Appellant had raised in prior *pro se* filings. ***See*** PCRA Ct. Op., Docket No. 764-2011, at 8-18; PCRA Ct. Op., Docket No. 765-2011, at 7-12. Appellant identifies **not a single claim** ignored by the court or dismissed without consideration. To the contrary, Appellant concedes the court addressed his claims. ***See*** Appellant's Br. at 24 ("The court did address all the issues[.]"). Thus, Appellant's claim is without merit.

### 2. Motion for New Counsel

In his second claim, Appellant asserts that the PCRA court abused its discretion when, at the outset of his PCRA hearing, the court denied his Motion for the Appointment of New Counsel. ***See*** Appellant's Br. at 24-25. Appellant asserts that the PCRA court further abused its discretion when it declined thereafter Appellant's oral request for a continuance in order to proceed *pro se* with adequate preparation. ***See id.***

---

[10] *Per curiam* orders are not binding precedent. ***See Commonwealth v. Thompson***, 985 A.2d 928, 937-38 (Pa. 2009). Nevertheless, they may provide persuasive authority for how our Supreme Court would decide an issue.

Although we recognize that Appellant has elected to proceed *pro se*, and we are "willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." **Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003) (citation omitted). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). Where an appellant fails to develop arguments sufficiently, with pertinent discussion and citations to legal authorities, the issue is waived. **Id.**; **In re R.D.**, 44 A.3d 657, 674 (Pa. Super. 2012); **Commonwealth v. B.D.G.**, 959 A.2d 362, 371-72 (Pa. Super. 2008); Pa.R.A.P. 2119(a)-(e).

Appellant makes appropriate citations to the record. However, he neither cites legal precedent nor develops a cogent legal argument in support of his claim. Thus, we deem this claim waived for lack of development.[11]

---

[11] Nonetheless, **absent waiver**, we would conclude the PCRA court did not abuse its discretion in denying Appellant's Motion for the Appointment of New PCRA Counsel. In the Motion, Appellant acknowledged that he had met with Attorney Donald to discuss his claims but asserted his dissatisfaction with her representation because she had not included all of them in her Amended Petitions. **See** Motion for the Appointment of New Counsel, Docket No. 764-2011, filed 3/16/18. "A motion for change of counsel by a defendant for whom counsel has been appointed shall not be granted except for substantial reasons." **Commonwealth v. Floyd**, 937 A.2d 494, 497 (Pa. Super. 2007) (citation omitted). Under the circumstances present in this case, we conclude that Attorney Donald's decision to omit certain claims requested by Appellant constitutes a strategic decision reflecting her professional judgment—it does not constitute a substantial reason justifying the appointment of new counsel to represent Appellant. Thus, even if Appellant had not waived this claim, we would conclude that it lacked merit.

- 10 -

### 3. Ineffective Assistance of Direct Appeal Counsel

In his third claim, Appellant asserts that Attorney Fleury was ineffective when he conceded, on direct appeal, that Appellant was not denied a speedy trial in violation of Pennsylvania Rule of Criminal Procedure 600. Appellant's Br. at 27-30.

In order to overcome the presumption that counsel has provided effective assistance, a petitioner must establish that: (1) the underlying claim has arguable merit; (2) counsel lacked a reasonable basis for his act or omission; and (3) petitioner suffered actual prejudice. *Commonwealth v. Treiber*, 121 A.3d 435, 445 (Pa. 2015). A petitioner must plead and prove by a preponderance of the evidence each of these elements. 42 Pa.C.S. § 9543(a). A claim will be denied if the petitioner fails to meet any one of these prongs. *See Jarosz*, 152 A.3d at 350 (citing *Commonwealth v. Daniels*, 963 A.2d 409, 419 (Pa. 2009)).

Appellant has not presented an analysis within this required framework. *See* Appellant's Br. at 27-30. Although he has set forth certain legal authority relevant to his underlying claim that the Commonwealth failed to bring him to trial in timely fashion, Appellant has not addressed whether counsel had a reasonable basis for conceding on direct appeal that there was no Rule 600 violation, nor has Appellant sought to demonstrate that he suffered prejudice based on counsel's actions. Thus, we conclude that Appellant has not

established that Attorney Fleury was ineffective in failing to pursue a Rule 600 claim on direct appeal.[12]

### 4. Discretionary Aspects of Appellant's Sentence

In his fourth issue, Appellant challenges the discretionary aspects of the restitution sentence imposed at Docket No. 764-2011 for his conviction of Deceptive or Fraudulent Business Practices. *See* Appellant's Br. at 37-38. Appellant asserts that the restitution imposed is speculative, without record support, and excessive because "the court failed to take into consideration the material and labor [A]ppellant did supply" to the victims. *Id.* at 37-38.

A claim that an order of restitution is excessive implicates the discretionary aspects of a sentence. *Commonwealth v. Weir*, 201 A.3d 163, 174 (Pa. Super. 2018) (citing *In the Interest of M.W.*, 725 A.2d 729, 731 n.4 (Pa. 1999)); *Commonwealth v. Holmes*, 155 A.3d 69, 78 (Pa. Super. 2017) (*en banc*) (plurality) ("Where . . . statutory authority exists, . . . the imposition of restitution is vested within the sound discretion of the sentencing judge." (citation omitted)).

_____

[12] Further, we discern no error in the PCRA court's conclusion that no Rule 600 violation occurred in Appellant's cases. *See* PCRA Ct. Op., Docket No. 764-2011, at 7-8; PCRA Ct. Op., Docket No. 765-2011, at 10. The Commonwealth filed all charges against Appellant in September 2010. However, Appellant was incarcerated in New York at the time for unrelated crimes and, thus, unavailable for Rule 600 purposes until August 2011. *See Commonwealth v Booze*, 947 A.2d 1287, 1291 (Pa. Super. 2008); Pa.R.Crim.P. 600 cmt. (*Computation of Time*). Thereafter, the Commonwealth proceeded with due diligence to bring Appellant to trial in timely fashion. Thus, Appellant's underlying claim is without merit.

Challenges to discretionary aspects of sentencing are not cognizable under the PCRA. **Commonwealth v. Fowler**, 930 A.2d 586, 593 (Pa. Super. 2007) ("Challenges to the discretionary aspects of sentencing are not cognizable under the PCRA"); **see also Commonwealth v. Jordan**, 772 A.2d 1011, 1016 (Pa. Super. 2001) (observing that "[t]his Court's case law has stated that a challenge to the discretionary aspects of sentencing is a matter that must be reviewed in the context of a direct appeal and cannot be reviewed in the context of the PCRA"); 42 Pa.C.S. § 9543(a)(2).

Appellant's claim challenging the discretionary aspects of his sentence is not cognizable under the PCRA. Accordingly, no relief is due.

**5. Ineffective Assistance of PCRA Counsel**

Finally, in his fifth issue, Appellant asserts that his most recent PCRA counsel, Attorney Donald, was ineffective for failing to secure witnesses to testify at his PCRA hearing. **See** Appellant's Br. at 39. As with his claim against direct appeal counsel, *supra*, Appellant has failed to address the elements necessary to establish ineffective assistance of counsel: (1) an underlying claim of arguable merit; (2) the lack of any reasonable basis for counsel's act or omission; and (3) petitioner suffered actual prejudice. **See Treiber**, **supra**, at 445. Accordingly, this issue is waived.[13]

---

[13] Generally, notwithstanding limited circumstances absent here, claims asserting ineffective assistance of PCRA counsel must await a serial petition for collateral relief. **See Commonwealth v. Henkel**, 90 A.3d 16, 21-30 (Pa. Super. 2014) (*en banc*) (detailing the evolution of case law interpreting the

**Conclusion**

We are mindful that Appellant elected to proceed *pro se*. Thus, we have thoroughly reviewed Appellant's claims, as well as his arguments on appeal, and we have set forth substantive analysis addressing his claims wherever possible. Nevertheless, for the reasons set forth in detail above, Appellant's claims lack merit or have been waived on appeal. Accordingly, we affirm the Orders of the PCRA court dismissing Appellant's Petitions for collateral relief.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/09/2020

---

rule-based right to counsel in initial collateral proceedings); ***Commonwealth v. Shaw***, 214 A.3d 283, 292-93 (Pa. Super. 2019) (addressing claim that PCRA counsel had waived appellate consideration of the only claim presented at a PCRA hearing). Appellant has made no effort to address these precedents apart from a single statement conceding that he "cannot find any case law" supporting immediate appellate review of his claim. Thus, for this reason as well we decline to address his claim that Attorney Donald was ineffective during these collateral proceedings.