J-S26040-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN DAVID LYNN | : | |
| | : | |
| Appellant | : | No. 1390 MDA 2021 |

Appeal from the PCRA Order Dated September 28, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006961-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN DAVID LYNN | : | |
| | : | |
| Appellant | : | No. 1391 MDA 2021 |

Appeal from the PCRA Order Dated September 28, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007094-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JOHN DAVID LYNN | : | |
| | : | |
| Appellant | : | No. 1392 MDA 2021 |

Appeal from the PCRA Order Dated September 28, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007425-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

:
       v.                           :
:
:
JOHN DAVID LYNN            :
:
         Appellant        :     No. 1393 MDA 2021

Appeal from the PCRA Order Dated September 28, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007427-2017

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
       v.                           :
:
:
:
JOHN DAVID LYNN            :
:
         Appellant        :     No. 1394 MDA 2021

Appeal from the PCRA Order Dated September 28, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007428-2017

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
:              PENNSYLVANIA
:
       v.                           :
:
:
:
JOHN DAVID LYNN            :
:
         Appellant        :     No. 1395 MDA 2021

Appeal from the PCRA Order Dated September 28, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007584-2017

BEFORE:  KUNSELMAN, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

---

[*] Former Justice specially assigned to the Superior Court.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED: AUGUST 19, 2022**

Appellant John David Lynn filed six *pro se* appeals to challenge the orders of the Court of Common Pleas of York County denying his petitions pursuant to the Post-Conviction Relief Act (PCRA).[1] Appellant asserts that trial counsel was ineffective in recommending that he enter a guilty plea and forgo his right to appeal the trial court's denial of his pretrial motion pursuant to Pa.R.Crim.P. 600. After careful review, we affirm the PCRA court's orders.

Between March 2017 and May 2017, Appellant was charged in York County with multiple offenses on seven individual dockets. On April 6, 2017, the York County District Attorney's Office was notified that Appellant had been apprehended in Baltimore County, Maryland on separate charges. Notes of Testimony (N.T.), Rule 600 hearing, at 7.

Daniel Smith, extradition coordinator for the York County District Attorney's Office, immediately lodged a detainer, sent Baltimore County formal notice that York County desired to extradite Appellant, and provided several of Appellant's arrest warrants. *Id*. at 4-8, 12. Thereafter, Mr. Smith sent updates to Baltimore County on April 10, 2017 and May 2, 2017 when additional warrants were issued for Appellant's arrest. *Id*. Mr. Smith followed the progress of Appellant's Maryland case through the docket entries on the judiciary website and by contacting the records department in the prison where Appellant had been placed. *Id*. at 8, 14-15.

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

On September 19, 2017, Baltimore County police notified the York County District Attorney's Office that the charges against Appellant in Maryland had been disposed. *Id*. at 8-9. On September 20, 2017, Appellant signed an extradition waiver and was brought to York County on September 22, 2017. *Id*.

Appellant subsequently filed a motion to dismiss pursuant to Pa.R.Crim.P. 600. After a hearing was held on January 25, 2019, the trial court denied Appellant's motion.

On March 11, 2019, Appellant entered negotiated guilty pleas in all seven cases. On CR-7094-2017, Appellant pled guilty to fleeing or attempting to elude a police officer, recklessly endangering another person (REAP), and drivers' required to be licensed. On CR-7428-2017, Appellant pled guilty to retail theft, REAP, and drivers' required to be licensed. On CR-7427-2017, Appellant pled guilty to theft by unlawful taking – moveable property.

On CR-6961-2017, Appellant pled guilty to fleeing or attempting to elude a police officer, accidents involving damage to unattended vehicle or property, and drivers' required to be licensed. On CR-7425-2017, Appellant pled guilty to burglary (not adapted for overnight accommodation, no person present). On CR-7584-2017, Appellant pled guilty to simple assault, accidents involving damage to unattended vehicle or property, drivers' required to be licensed, and required financial responsibility. On CR-0210-2018, Appellant pled guilty to burglary (not adapted for overnight accommodation, no person present).

In exchange for these guilty pleas, the Commonwealth agreed to *nol prosse* multiple other charges, including charges of aggravated assault. At the guilty plea hearing, Appellant submitted a written plea colloquy and the trial court conducted an oral plea colloquy. The trial court sentenced Appellant to an aggregate term of six to fifteen years' imprisonment.

On March 20, 2019, Appellant filed a timely counseled motion to clarify his sentence. On May 2, 2019, the trial court held a hearing on his motion and denied Appellant relief.

On May 10, 2019, Appellant filed *pro se* motions seeking to proceed *in forma pauperis* (IFP), indicating his intent to file a PCRA petition, and requesting the removal of his counsel, Thomas Gregory, Jr., Esq. On May 20, 2019, Atty. Gregory filed a motion to withdraw his representation in light of Appellant's allegations of ineffective assistance. On October 2, 2019, the trial court allowed Atty. Gregory to withdraw.

On October 10, 2019, Appellant filed a PCRA petition. Appellant subsequently filed an amended petition and a request for standby counsel. After the trial court permitted several amendments to the petition, made an appointment of counsel, and held a **Grazier** hearing[2] when Appellant requested to represent himself, the trial court permitted Appellant to proceed on his petition *pro se*.

---

[2] **Commonwealth v. Grazier**, 552 Pa. 9, 713 A.2d 81 (1998).

A hearing was scheduled by the court but ultimately continued when Appellant asked to be physically present before the Court. On April 30, 2021, Appellant was transported from prison and a hearing was held. On September 10, 2021, Appellant filed a motion objecting to the accuracy of the PCRA hearing transcripts. After a brief hearing on September 10, 2021, the PCRA court ordered certain parts of the transcript to be corrected with minor changes. On September 28, 2021, the PCRA court issued an order denying the petition, but did not send the parties notice of its order until October 7, 2021.[3]

On October 27, 2021, Appellant filed seven *pro se* notices of appeal, which were docketed at 1390-96 MDA 2021. On November 15, 2021, Appellant filed an application to consolidate the appeals, which this Court granted on November 17, 2021. Appellant filed an application to discontinue the appeal at 1396 MDA 2021, which this Court granted on February 3, 2022.[4]

Appellant raises the following questions for our review on appeal:

1. Did the PCRA court error in denying relief that Appellant's guilty pleas were unknowingly, involuntarily, and unintelligently

---

[3] Rule of Appellate Procedure 108(b) designates the date of entry of an order as "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)." Pa.R.A.P. 108(b). ***See also Frazier v. City of Philadelphia***, 735 A.2d 113, 115 (Pa. 1999) (determining that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given").

[4] This appeal is centered on Appellant's claim that the denial of his Rule 600 motion affected the validity of his guilty pleas. As there was no Rule 600 hearing held regarding the charge at 1396 MDA 2021, the appeal in that matter was properly dismissed.

made due to counsel erron[e]ously advising Appellant that the Rule 600 claims were not worthy of appeal constituting ineffective assistance?

2. Did the PCRA court error in concluding that claim two is waived, that Appellant's U.S. 14th Amendment and Pennsylvania Constitution Article 1, § 9, due process rights to plead guilty knowingly, voluntarily and intelligently were violated due to the Judge abusing her discretion in denying fully meritorious Rule 600 claims?

3. Does the ***Commonwealth v. R. Booze***, 947 A.2d 1287 (2008) opinion contain legal errors, contradictions, and mis[s]tatements that run afoul of Rule 600(C)(1)(3) and ***Commonwealth v. Alexander***, 464 A.2d 1376 (1980), that led/contributed to the Judge abusing her discretion in denying the Rule 600 claims[, r]equiring this Honorable Court to correct the errors?

Appellant's Brief, at 3.

In reviewing the denial of a PCRA petition, our standard of review is well-established:

> [o]ur review of the grant or denial of PCRA relief is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. ***Commonwealth v. Cox***, 636 Pa. 603, 146 A.3d 221, 226 n.9 (2016). The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions. ***Commonwealth v. Burton***, 638 Pa. 687, 158 A.3d 618, 627 n.13 (2017).

***Commonwealth v. Small***, 647 Pa. 423, 440–41, 189 A.3d 961, 971 (2018).

Appellant's three claims are closely intertwined as they are based on his contention that his trial counsel rendered ineffective assistance when counsel advised Appellant that his Rule 600 claims were not worthy of appeal. Appellant claims that, but for counsel's advice which Appellant characterizes

as erroneous, Appellant would have proceeded to trial on all six dockets to preserve the Rule 600 claims for appeal. Thus, Appellant asserts his guilty pleas were unknowingly, involuntarily, and unintelligently made as he received incorrect advice as to his Rule 600 claims.

Our review of an ineffectiveness claim is guided by the following principles:

> [a]s originally established by the United States Supreme Court in **Strickland v. Washington**, 466 U.S. 668, [104 S.Ct. 2052, 80 L.Ed.2d 674] (1984), and adopted by Pennsylvania appellate courts, counsel is presumed to have provided effective representation unless a PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome at trial if not for counsel's error.
>
> **Commonwealth v. Wantz**, 84 A.3d 324, 331 (Pa.Super. 2014) (citations omitted). "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 600 Pa. 1, 963 A.2d 409, 419 (2009).

**Commonwealth v. Selenski**, 228 A.3d 8, 15 (Pa.Super. 2020).

In addition, this Court has provided that:

> "The threshold inquiry in ineffectiveness claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit...." **Commonwealth v. Pierce**, 537 Pa. 514, 524, 645 A.2d 189, 194 (1994). "Counsel cannot be found ineffective for failing to pursue a baseless or meritless claim." **Commonwealth v. Poplawski**, 852 A.2d 323, 327 (Pa.Super. 2004).
>
> > Once this threshold is met we apply the "reasonable basis" test to determine whether counsel's chosen course was designed to effectuate his client's interests. If we conclude

that the particular course chosen by counsel had some reasonable basis, our inquiry ceases and counsel's assistance is deemed effective. If we determine that there was no reasonable basis for counsel's chosen course then the accused must demonstrate that counsel's ineffectiveness worked to his prejudice.

***Pierce****, supra* at 524, 645 A.2d at 194–95 (internal citations omitted).

***Commonwealth v. Kelley***, 136 A.3d 1007, 1012 (Pa.Super. 2016).

To the extent that Appellant claims that counsel's advice constituted ineffective assistance such that his guilty plea was rendered invalid, we note the following:

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Moser****,* 921 A.2d 526, 531 (Pa.Super.2007) (quoting ***Commonwealth v. Hickman****,* 799 A.2d 136, 141 (Pa.Super. 2002)). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Moser****, supra.*

The standard for post-sentence withdrawal of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, ... under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Morrison****,* 878 A.2d 102, 105 (Pa.Super.2005) (*en banc), appeal denied,* 585 Pa. 688, 887 A.2d 1241 (2005) (internal citations omitted).

A valid guilty plea must be knowingly, voluntarily and intelligently entered. ***Commonwealth v. Pollard****,* 832 A.2d 517, 522 (Pa.Super. 2003). The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require

- 9 -

the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. *Commonwealth v. Hodges*, 789 A.2d 764 (Pa.Super. 2002) (citing Pa.R.Crim.P. 590). Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. *Commonwealth v. G. Watson*, 835 A.2d 786 (Pa.Super. 2003). This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea. *Commonwealth v. Muhammad*, 794 A.2d 378, 383–84 (Pa.Super. 2002).

*Kelley*, 136 A.3d at 1012–13.

We agree with the trial court that Appellant failed to show that counsel was ineffective in his handling of the Rule 600 motion such that counsel's advice caused Appellant to enter an involuntary or unknowing plea.

Rule 600 states that: "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). In regards to the computation of time, Rule 600 provides that "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence, while "[a]ny other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1). Pa.R.Crim.P. 600(C)(1). The Commonwealth's failure to bring the defendant

to trial before the expiration of the Rule 600 time period constitutes grounds for dismissal of the charges with prejudice. Pa.R.Crim.P. 600(D)(1).

Rule 600 permits certain circumstances to extend the Commonwealth's deadline. Those circumstances also include delay caused by the defendant and delay that occurred "as the result of circumstances beyond the Commonwealth's control and despite its due diligence." Pa.R.Crim.P. 600(C)(1)-(2); Pa.R.Crim.P. 600, cmt. "In determining whether the Commonwealth has exercised due diligence, the courts have explained that due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." Pa.R.Crim.P. 600, cmt. (citations omitted). "The Commonwealth's stewardship [] must be judged by what was done rather than by what was not done" in Rule 600 cases. ***Commonwealth v. Selenski***, 919 A.2d 229, 232 (Pa.Super. 2007).

Moreover, the Comment to Rule 600 further states:

In addition to any other circumstances precluding the availability of the defendant or the defendant's attorney, **the defendant should be deemed unavailable for the period of time** during which the defendant contested extradition, or a responding jurisdiction delayed or refused to grant extradition; or during which the defendant was physically incapacitated or mentally incompetent to proceed; **or during which the defendant was absent under compulsory process requiring his or her appearance elsewhere in connection with other judicial proceedings**.

Comment, Pa.R.Crim.P. 600 (emphasis added).

- 11 -

In litigating the Rule 600 motion, Appellant conceded that the success of his motion depended solely on whether the time he spent in jail in Maryland was included in the Rule 600 calculation. *See* N.T., Rule 600 Hearing, 1/25/19, at 3 (expressly stating "if you do not count that time, then the motion loses"). Therefore, we need only determine whether the period of delay when Appellant was incarcerated outside of Pennsylvania was attributable to the Commonwealth.

Appellant argues that the Commonwealth failed to exercise due diligence to bring him back to Pennsylvania during the time period that he was incarcerated in Maryland during the pendency of those charges. While the parties agree that the Commonwealth filed a detainer immediately after it was notified that Appellant had been arrested in Maryland, Appellant asserted that the Commonwealth should have filed a formal request to extradite him before his Maryland charges were resolved, or at a minimum, sought confirmation from Maryland authorities that extradition would not occur until the Maryland charges were resolved.

Our Supreme Court has explained the difference between a formal extradition request and a detainer:

> [u]nlike a request for extradition, which is a request that the state in which the prisoner is incarcerated transfer custody to the requesting state, a detainer is merely a means of informing the custodial jurisdiction that there are outstanding charges pending in another jurisdiction and a request to hold the prisoner for the requesting state or notify the requesting state of the prisoner's imminent release.

*Commonwealth v. Davis*, 567 Pa. 135, 139, 786 A.2d 173, 175 (2001).

- 12 -

Appellant cites to ***Commonwealth v. Booze***, 947 A.2d 1287 (Pa.Super. 2008) and ***Commonwealth v. Alexander***, 464 A.2d 1376, 1382 (Pa.Super. 1983) in which this Court held that "[m]ere incarceration in another state does not make a defendant unavailable within the meaning of Rule 600." ***Booze***, 947 A.2d at 1291. This Court further held that a defendant "is only unavailable if the delay in returning him to Pennsylvania is due to the other state causing the delay; the prosecution, however, must exercise due diligence in attempting to bring the defendant back for trial." ***Id***.

However, we conclude that both ***Booze*** and ***Alexander*** can be distinguished from the factual circumstances presented in the instant case. In ***Booze***, the Commonwealth was notified that Booze was being held in Maryland as of February 1, 2006. The Commonwealth faxed Maryland authorities a copy of the complaint detailing charges Booze faced in Washington County, Pennsylvania, intending the fax to serve as a detainer. Although Booze was sentenced for her Maryland offense on October 4, 2006, the Commonwealth took no action to bring her into custody until she filed a motion to dismiss on April 3, 2007. This Court found that under these circumstances, the Commonwealth did not demonstrate it acted with due diligence in attempting to bring Booze back for trial. ***Booze***, 947 A.2d 1292.

In ***Alexander***, the Commonwealth filed a complaint against Alexander in Allegheny County in March 1979 and was notified in January 1980 that Alexander was incarcerated in New Jersey. After Appellant was sentenced on the New Jersey charges on March 20, 1980, the Commonwealth sought

Appellant's return on March 27, 1980, but then took no action until July 10, 1980 when it contacted the New Jersey correctional institution where Alexander had been incarcerated and learned that he had been transferred to a different prison. *Alexander*, 464 A.2d 1385. Thereafter, after the Commonwealth requested custody of Alexander on July 10, 1980, it did not follow up with that request until September 16, 1980. *Id*. As such, this Court found that the Commonwealth had not acted with due diligence in seeking Alexander's extradition. *Id*. at 1386.

In comparison, in this case, after the York County District Attorney's Office was notified on April 6, 2017 that Appellant had been arrested in Baltimore County on separate charges, the Commonwealth immediately lodged a detainer, informed Baltimore County authorities that York County desired to extradite Appellant, provided several of the warrants for Appellant's arrest, and sent updates to Maryland authorities regarding his additional warrants for his arrest.

The Commonwealth closely followed Appellant's progress on the Maryland charges such that when they were notified of the disposition of the Maryland charges on September 19, 2017, the Commonwealth requested Appellant's extradition and swiftly brought Appellant to York County just days later on September 22, 2017 after Appellant signed an extradition waiver.

While Appellant claims that the Commonwealth was required to file a formal request to extradite Appellant to Pennsylvania even before his Maryland charges had been resolved, this Court was careful to note in *Booze*

that there is no basis to suggest that the Commonwealth was under a legal duty to file a formal detainer pursuant to the Agreement on Detainers, 42 Pa.C.S.A. § 9101, between the filing of the charges in Pennsylvania and the defendant's sentencing date on the out-of-state charges.

This Court noted in **Booze** that Section 9101 provides for the filing of formal detainer papers "whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment." **Id**. at 1292 (citing 42 Pa.C.S.A. § 9101, art. iii(a)). As a result, the **Booze** Court found that this statute "does not require a filing of formal detainers until a term of imprisonment has been imposed in the asylum state." **Id**. at 1292.

Based on the circumstances of this case, we find it was reasonable for counsel to conclude that the trial court had correctly found that the Commonwealth had exercised due diligence in promptly filing a detainer after learning of Appellant's incarceration in Maryland and in promptly seeking his extradition after his Maryland charges had been resolved.

As a result, we find that it was within the range of competence demanded of attorneys in criminal cases for counsel to advise Appellant that he could not confidently say that Appellant's Rule 600 challenge would be successful on appeal and told Appellant that he would have to "make the call" on whether to take the plea. N.T. PCRA Hearing, 4/30/21, at 8-9, 53-54. Atty. Gregory also cautioned Appellant that if he rejected the Commonwealth's

plea deal, he would run the risk of facing a much longer sentence if convicted at trial on all six dockets and sentenced consecutively on several charges. *Id*.

When Appellant was presented with this advice and given several days to contemplate this decision, Appellant clearly asserted under oath that he was guilty of the crimes charged and wished to plead guilty. Appellant signed a written colloquy in which he acknowledged that by entering such guilty pleas, he was waiving his right to raise any "procedural or fundamental error" before the trial court or on appeal. Written Plea Colloquy, 3/8/19. at 5. The trial court also conducted an oral plea colloquy on the record to ensure that Appellant understood the rights he was giving up and the consequences surrounding the entry of the guilty plea. N.T. Plea Hearing, 3/11/19, at 5-7.

Based on these facts, we conclude that the trial court correctly found that Appellant was not entitled to collateral relief on his ineffectiveness claim as he entered a voluntary, intelligent and knowing guilty plea after receiving reasonable advice from counsel.

Appellant also claims that the trial court abused its discretion in denying his Rule 600 motion and thus, caused him to enter an involuntary, unintelligent, and unknowing guilty plea. However, under the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.A. § 9544.

After the trial court held a hearing on Appellant's Rule 600 motion and entered an order denying the motion, Appellant chose to plead guilty and

waived his right to appeal the Rule 600 motion on appeal. ***See Commonwealth v. Eisenberg***, 626 Pa. 512, 525, 98 A.3d 1268, 1275 (2014) ("upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed"). Appellant did not ask his counsel to file a motion to withdraw his plea and did not file a notice of appeal. As such, this challenge is waived.

For the foregoing reasons, we conclude the PCRA court correctly denied Appellant's motion.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/19/2022